USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/22/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Lithgow,

               Plaintiffs,

   –v–

Keyser,

               Defendant.

21-cv-998 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

     Presently before the Court is Judge Aaron's Report and Recommendation recommending that the Court deny Petitioner's writ of habeas corpus. *See* Dkt. No. 23. When a magistrate judge issues findings or recommendations, the district court "may accept, reject, or modify [them] in whole or in part." 28 U.S.C. § 636(b)(1). When a party objects to a magistrate judge's Report and Recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Unobjected-to portions of a Report and Recommendation, by contrast, are reviewed for clear error. *Watson v. Geithner*, No. 11-cv-9527 (AJN), 2013 WL 5441748, at *2 (S.D.N.Y. Sept. 27, 2013). Petitioner is proceeding pro se, so his submissions "must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright,* 459 F.3d 241, 248 (2d Cir. 2006)).

     Plaintiff objects to Magistrate Judge Aaron's September 18, 2021 Report and Recommendation. Under Rule 72(a), Plaintiff was required to make objections within 14 days. *See* Fed. R. Civ. P. 72(a). Plaintiff filed his objection on October 13, 2021, which was 25

days after Magistrate Judge Aaron issued the Report and Recommendation. Dkt. No. 24. Therefore, Petitioner's objections were untimely, and because "failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision," *Small v. Sec'y of Health & Huan Servs.*, 892 F.2d 15, 16 (2d Cir. 1989), the Court need not consider the merits of his objections.

But even if the objection were timely, Petitioner fails to make any substantive arguments related to Judge Aaron's recommendation. Instead, he generally objects to the entire Report and Recommendation "based on all the respondent's recommendation for his [petition] to be denied" his claims. Dkt No. 24. Petitioner also objects to the Report and Recommendation on the ground that "a magistrate judge can be assigned by permission of the petitioner on consent." *Id.* He argues that he was not aware of any consent request made for Magistrate Judge Aaron to review his case and that his being deaf, coupled with his mental and learning disabilities, led him to be unaware of any consent request made by the Court through his interpreter. *Id.* But this argument does not go to any claim made in his Petition that would grant him relief. *See* Dkt. No. 1. And regardless, that argument is meritless because the Court has the authority to refer a petition to a magistrate judge for a Report and Recommendation even if none of the parties consent to such a referral. 28 U.S.C. §§ 636(b)(1)(A), (B); *see Curry v. Town of Islip*, 13-cv-3597 (SMA) (SIL), 2018 WL 437493, at *1 (E.D.N.Y. 2018).

The Court has reviewed Magistrate Judge Aaron's Report and Recommendation and finds no error. Petitioner's general objection to the Report and Recommendation was untimely, and even if it was not untimely, the Court's de novo review of the objected-to portions of the Report & Recommendation reveals no basis for rejecting or modifying it. Accordingly, the Court adopts the Report and Recommendation in its entirety, and the Petition is denied.

The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is therefore denied for purposes of appeal. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962). Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of Court is respectfully asked to mail a copy of this Order to Petitioner and note the mailing on the public docket.

SO ORDERED.

Dated: October 22, 2021
       New York, New York

_____
ALISON J. NATHAN
United States District Judge